UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

                                          <u>DECISION AND ORDER</u>

                                          16-MR-6101L
                                          16-MJ-600
                                          16-MC-6008

       v.

WILLIAM R. NOJAY,

                Defendant.

---

        Scores of papers are filed daily in federal courts, across the land. The vast majority of them are routine, and of little interest to anyone but the litigants.

        Some cases, and some filings, are of more interest to the public. That is especially so in cases that relate to public officials accused of wrongdoing.

        Under our system of justice, judicial proceedings are generally conducted openly, with all filings disclosed to the public. It is not for a judge to inspect filings and quash or seal them if the judge feels they are too harsh, in poor taste, self-serving, embarrassing, etc., to be in the public record. There may, under very limited circumstances, be sufficient reasons to seal a document or a case record, but the reasons to do so must be truly compelling. To do otherwise would be tantamount to judicial censorship.

        This case is before the Court on an appeal from a Decision and Order of United States Magistrate Judge Jonathan W. Feldman, entered November 17, 2016. The appeal to this Court is brought pursuant to 28 U.S.C. § 636(b)(1)(A).

On September 8, 2016, a sealed criminal complaint was filed against William R. Nojay (hereinafter "defendant" or "Nojay"). Defendant, a well-known public official and attorney, was allowed to self-surrender the following morning, September 9, 2016, with his attorney, Donald M. Thompson, Esq., for presentation on the complaint. As is the normal practice, it was anticipated that the complaint would be unsealed at the time of the defendant's appearance. (16-MJ-600, Dkt. #2.)[1]

Nojay did not appear in court. Instead, after advising his attorney of his intent to do so, he committed suicide on the grounds of a local cemetery, on the morning of September 9. That event has been widely reported in detail in the press and other news media.

Soon after Nojay's death, the Government moved before the magistrate judge to unseal the complaint. (MJ #4.) Magistrate Judge Feldman set a schedule for briefing by both sides. (MJ #5). Detailed affidavits and memoranda were filed by Attorney Thompson, Nojay's former counsel, opposing the request to unseal the complaint. (MJ #6, #8, #10.) The Government filed papers in response, in further support of its motion to unseal. (MJ #7, #9.) Pursuant to the original sealing order (MJ #2), which remained in effect, all papers on the proceeding were filed under seal.

On September 19, 2016, while the Government's motion to unseal was pending, a local newspaper, the *Democrat & Chronicle* ("D&C"), by counsel, filed a motion to intervene, and to unseal the records in the criminal case. The D&C's motion was opened in a separate case, which was given a Miscellaneous Civil designation. (MC #1.) The Government has filed a response (MC #4), stating, in short, that it does not object to the relief sought by the D&C.[2]

---

[1] There are three related cases at issue here: the initial criminal case, 16-MJ-600; an appeal to this Court from an order entered in that case by Magistrate Judge Feldman, 16-MR-6101; and a motion to unseal filed by the *Democrat & Chronicle* newspaper, 16-MC-6008. For the sake of convenience, future references to documents filed in those cases will simply reference the letter designation and docket entry, *e.g.*, MJ #2.

[2] The case brought by the D&C, and the papers filed therein, are not under seal.

On November 17, 2016, Magistrate Judge Feldman issued a sixteen-page Decision and Order in the criminal case, granting the Government's motion to unseal the complaint. (MJ #14.) He also directed the unsealing of all the papers filed by the Government and Nojay's attorney in the criminal case, except for four pages contained in the Government's reply brief ("Reply") (MJ #9). The magistrate judge stayed the effect of the unsealing order to give both sides time to seek review of his Decision and Order should they choose to do so. He further directed that if an appeal were timely filed, the complaint and all other documents in the criminal case would remain sealed until the appeal was decided or until further order of this Court. (MJ #14 at 16.)

Both attorney Thompson and the Government did file timely appeals in this Court. Thompson has appealed from the magistrate judge's decision unsealing the complaint. (MR #1.)[3] The Government has appealed that part of the decision sealing a portion of the Government's Reply. (MR #2.) This Court set a briefing schedule on the appeals.

After due consideration, this Court affirms the magistrate judge's decision ordering the release of the criminal complaint filed September 8, 2016, as well as his decision to release all of the papers filed by the parties relative to the Government's motion to unseal. This Court, however, reverses the magistrate judge's decision to continue sealing a portion of the Government's Reply. The Court directs that those pages be publicly released, along with the rest of the record.

## DISCUSSION

In one respect, this case present a unique factual situation. But, in another respect, the issues presented here are not particularly unusual.

---

[3] Given Nojay's death, it is at least questionable whether attorney Thompson has any standing here to contest the unsealing of the record. I need not resolve that issue though. Resolution would not affect the outcome here and Thompson's submissions served as a helpful counterpoint to the Government's and the D&C's motions to unseal.

When the criminal complaint naming Nojay was filed on September 8, 2016, the Government moved that the complaint be sealed until Nojay appeared in court the next day for his initial appearance. That is the normal practice and the complaint was duly sealed. There is no rule requiring sealing, but it is often done until the defendant either is brought before the Court on a warrant or appears voluntarily.

As we now know, Nojay did not appear because, tragically, he committed suicide. That is normal practice, and the Government then promptly moved to unseal the complaint, which almost certainly would have occurred upon defendant's initial appearance. The sealing order itself (MJ #2) provided that the complaint would remain sealed until the defendant was "brought before this court for an initial appearance, or until further order of the Court ... ."[4]

The parties seem to agree that no reported case is on "all fours" with the circumstances of this case: a defendant who dies after a sealed complaint has been filed against him, but before his initial appearance. The magistrate judge agreed with the parties as to the paucity of authority on the matter. In that sense, then, the case is unique.

But as stated, in another sense, this case is not particularly unique. This case deals with disclosure of, and public access to, court documents filed in a criminal case. The legal principles relating to that issue are well established.

Generally, court documents are openly filed and available to the public. Sealing of documents is the exception, not the rule. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("the tradition that litigation is open to the public is very long standing").

The Court of Appeals for the Second Circuit has stated that "[t]he public has a common law presumptive right of access to judicial documents, and likely a constitutional one as well." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (citation and footnote

---

[4] At the presentation on the complaint at the initial appearance, the defendant would be advised of the charges, his rights to a lawyer, the right not to be forced to make a statement and his rights concerning a preliminary hearing. Conditions of release would also be discussed. FED. R. CRIM. P. 5(d).

omitted). *See also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (explaining common-law and First Amendment rights of access to judicial documents).

Consistent with that general principle, the party seeking to seal a document, or a record, bears the burden of overcoming that presumption of openness. *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013) (a "[f]inding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access"). *See also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action"); *Annunziato v. Collecto, Inc.*, __ F.Supp.3d __, 2016 WL 5407871, at *16 (E.D.N.Y. Sept. 19, 2016) ("A party seeking to maintain judicial documents under seal bears the burden 'of demonstrating what "higher values" overcome the presumption of public access and justify sealing'") (quoting *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 CIV. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012)). Simply put, judicial documents, as a matter of course, should be openly filed and accessible to the public, absent some particular and justifiable reason for doing otherwise.

Again, neither this Court nor the parties have discovered a case quite like this one, factually, but some reported cases are illustrative of the principles involved.

There are a number of cases addressing the propriety of sealing an indictment, or other parts of the record in a criminal case.[5] In line with other courts of appeals, the Second Circuit has held that "there are various legitimate prosecutorial objectives ... that will justify the sealing of an indictment." *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). Such objectives might include, for example, the facilitation of a defendant's arrest, *see United States v. Cherico*, 769 F.Supp.2d 560, 567 (S.D.N.Y. 2011), avoiding prejudicial pretrial publicity with respect to a

---

[5]Though they differ from each other in some material respects, an indictment and a criminal complaint are both accusatory instruments by which a person can be charged with a crime. *See United States v. Dubiel*, 367 F.Supp.2d 822, 826 (D.Md. 2005) (explaining differences between complaint, indictment, and information).

codefendant, *see United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994), preventing the premature disclosure of the identity of a key witness, *see United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986), and avoiding "tipping off" codefendants who were out of the country and would likely not return if they knew that they had been indicted, *see United States v. Bergfeld*, 280 F.3d 486, 487 (5th Cir. 2002).

In a similar vein, courts have held that parts of an affidavit filed in support of a criminal complaint should be redacted, prior to public filing, to protect the defendant's right to a fair trial, *Application of Kansas City Star Co.*, 143 F.R.D. 223, 225-26 (W.D.Mo. 1992), that a sentencing memorandum should be redacted prior to public filing to protect the identity of persons assisting law enforcement, *United States v. Harris*, __ F.Supp. __, 2016 WL 4543983, at *3 (D.D.C. Aug. 31, 2016), and that certain documents relating to a habeas corpus petition should be redacted to protect the identity of a rape victim, *Scott v. Graham*, No. 16-CV-2372, 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016).

None of those cases, however, bears directly on the situation here. As stated, the instant case is, factually, unusual if not unique. But those cases also sharply contrast with this case in another respect: in each of the cases in which the court sealed or redacted all or part of a document or record, there was some compelling reason to do so, strong enough to override the general presumption in favor of public disclosure. None of the concerns expressed in those cases, or any concerns similar to them, are present here. Because of Nojay's death, there are no reasons for concern about a fair trial, about the risk of the defendant absconding, compromising an ongoing investigation, protecting the identity of a victim or confidential informant, and so on.

The question becomes, then, what interest *would* be protected here, or what purpose would be served by the continued sealing of the documents at issue? I see none.

In seeking continued sealing of the complaint, counsel for Nojay relies on the doctrine of abatement. Magistrate Judge Feldman determined that abatement is inapplicable, and I agree with that conclusion.[6]

Ordinarily, when a criminal defendant dies while his case is pending, his death "abates ... all proceedings had in the prosecution from its inception." *United States v. Wright*, 160 F.3d 905, 908 (2d Cir. 1998). But that is separate from the issue of whether all or part of the *record* of the prosecution should be sealed.

"The rule of abatement terminates criminal proceedings *ab initio* ... ." *United States v. Volpendesto*, 755 F.3d 448, 454 (7th Cir. 2014). *See also United States v. Logal*, 106 F.3d 1547, 1552 (11th Cir. 1997) ("Under the doctrine of abatement *ab initio* ... the defendant stands as if he never had been indicted or convicted"). "The rationale for abatement *ab initio* is that 'the interests of justice ordinarily require that [the deceased] not stand convicted without resolution of the merits of his appeal.'" *United States v. Rich*, 603 F.3d 722, 724 (9th Cir. 2010) (quoting *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983)) (additional internal quote omitted).

The abatement of a criminal charge does not mean, however, that the record of the criminal proceedings is destroyed, or withheld from the public, or sealed. From a legal standpoint, the defendant is treated as if he had never been charged. But the fact that he *was* charged is not erased from the record, nor is the record itself permanently sealed. *See United States v. Real Property Located at 404 W. Milton St., Austin, Tex.*, No. 13-CA-194, 2014 WL 5808347, at *4 (W.D.Tex. Nov. 7, 2014) (holding that "while abatement resulted in dismissal of the indictment and vacation of the criminal proceedings against Amado, abatement does not preclude use of the fact evidence concerning Amado's actions in this [related] proceeding. Abatement *ab initio* left Amado as if he had never been indicted, not as if he had never lived").

---

[6]"Abatement" has been defined as "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim ... ; esp., the discontinuation of criminal proceedings before they are concluded in the normal course of litigation, as when the defendant dies." Black's Law Dictionary (10th ed. 2014).

Abatement is not tantamount to sealing. Although many cases discuss the principle of abatement, none appear to direct sealing of proceedings that have already occurred or filings that have been made. Abatement and sealing are separate concepts.

Abatement is not tantamount to sealing. Although many cases discuss the principle of abatement, none appear to direct sealing of proceedings that have already occurred or filings that have been made. Abatement and sealing are separate concepts.

Since abatement is inapplicable, what legal principle or cognizable interest supports defense counsel's request for a continued sealing? Counsel suggests some type of privacy interest on behalf of Nojay's family. I am not persuaded by that argument.

I recognize that in deciding whether to seal, or unseal, documents in a criminal case, the court may take the privacy interests of third parties into account. *See, e.g., United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989) (in determining whether to order disclosure of Title III materials used by the government in connection with a criminal proceeding, "[t]he district court must balance the public's right of access against the privacy and fair trial interests of defendants, witnesses and third parties"). But the test for sealing is not easily met, and it has not been met here. The court may seal or redact documents only if "'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (additional internal quote omitted). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120 (quoting *New York Times*, 828 F.2d at 116).

Whatever general interests Nojay's family may have in preventing disclosure of documents that may reflect negatively on Nojay, those interests are insufficient to overcome the strong presumption in favor of public access to all judicial documents. There is no general right of the relatives of a criminal defendant, living or deceased, to the sealing of the record of the criminal proceedings against the defendant.

The matters raised in the filings in this case might well be damaging to Nojay's reputation, and cause the family some pain or embarrassment. But that is the case with every criminal complaint. Nojay himself, of course, has no protectable interest at this point and, although one can sympathize with his family, embarrassment or humiliation of the family is not

a proper basis to seal criminal filings. If mere sensitivity or discomfiture of the family were the test for sealing documents, there would be little left in the public domain. *See United States v. Foster*, 564 F.3d 852, 854-55 (7th Cir. 2009) (emphasizing that a desire to avoid embarrassment is not a sufficient basis for sealing filings).

"Courts around the country have rejected a moving-defendant's embarrassment and preference for privacy as a basis for sealing." *United States v. Nallani*, No. 11-cr-20365, 2016 WL 4138227, at *4 (E.D.Mich. Aug. 3, 2016) (citing cases). The court in *Nallani* recognized that a "different standard applies when embarrassment to third parties is implicated," 2016 WL 4138227, at *5, such as where innocent third parties' names are contained in the documents in question. But no such situation exists here. The documents in question relate directly to Nojay himself. *See also Price v. Tuggle*, Civ. No. 16-1529, 2016 WL 4098547, at *2 (S.D.W.Va. July 28, 2016) ("Embarrassment, by itself, is generally insufficient to justify secrecy") (citing cases); *Jones v. Colorado Casualty Ins. Co.*, No. CV-12-1968, 2014 WL 6801749, at *2 (D.Ariz. Dec. 3, 2014) ("Even embarrassing documents–which are perhaps quintessentially private–are not exempt from the public's right to access").

Earlier this year, the Court of Appeals for the Second Circuit addressed the topic of sealing records in the context of a civil case. In *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016), a civil complaint was filed under seal, the parties then settled the case, and the district court denied the parties' request to close the file and keep it permanently sealed.

The Court of Appeals affirmed. Addressing the "crux" of the analysis, the court "agree[d] with the district court's careful opinion that the value of public disclosure is substantial and the privacy interests at stake are minimal." *Id.* at 143.

Noting that the complaint alleged that defendants had engaged in a kickback scheme involving the state attorney general's office, the court stated that "[w]hether true or not, this allegation would naturally be of legitimate interest to the public ... ." *Id.* The court went on to state that

-9-

the interests favoring secrecy, meanwhile, are weak. This is not a case in which disclosure would reveal details of an ongoing investigation, pose a risk to witnesses, endanger national security, or reveal trade secrets. ... Moreover, ... the case does not implicate the duty to protect either privileged attorney-client material or confidential client information. Once these rationales fall away, only insubstantial arguments remain.

*Id.*

The court also rejected the defendants' argument that "unsealing the complaint 'assumes the truth' of the allegations within it." The Court of Appeals stated that "unsealing does no such thing." *Id.* Quoting the district court, the court observed that "[c]omplaints can–and frequently do–contain allegations that range from exaggerated to wholly fabricated. That is the nature of judicial proceedings–not everything alleged by one party can or should be taken as ground truth." The court added, "Following defendants' logic to its conclusion, moreover, would create an untenable result–the sealing of all complaints in actions in which the plaintiff does not prevail, and all indictments in a criminal prosecution in which the defendant is acquitted." *Id.*

The same reasoning applies here. Nojay, a New York assemblyman, was accused of acts of misconduct involving client funds. It seems self-evident that the public at large would have an interest in knowing about the substance of those allegations.

That those charges will never come to trial, due to Nojay's unfortunate decision to take his life, adds little if any weight to the balance. Had Nojay lived long enough to appear in court, the complaint would have been unsealed, as a matter of course, and the charges would have received widespread publicity.

And as Magistrate Judge Feldman noted, the general tenor, if not the details, of the accusations against Nojay was already known to the local news media. MJ #14 at 11.[7] The unsealing of the complaint would only have filled in some missing detail. Had Nojay died thereafter, before the case went to trial, the allegations would have remained on the record,

---

[7]Magistrate Judge Feldman ordered that the complaint be unsealed in part because its existence and some information in it has already been publicly reported in the media. He determined that little purpose would now be served by continued sealing. I agree. But I also conclude that even if there had not been some prior disclosure, the criminal complaint should now be unsealed and made a part of the public record, for the reasons stated herein.

having been made known to the public. In colloquial terms, the cat would have been out of the bag.

But as the Second Circuit observed in *Bernstein*, it is in the nature of complaints, civil or criminal, that allegations are spread upon the public record. A complaint, by its nature, accuses some party of wrongdoing. If complaints could not be filed openly until the charges were proven, then courts would routinely seal all complaints pending a final disposition of the case, in favor of the complainant. Such a result would be wholly at odds with our system of justice, which is based upon an open and transparent judicial process, especially where a case involves public officials and their alleged unethical conduct.

As stated, the magistrate judge granted the Government's motion to unseal the record, with the exception of a portion of the Government's Reply. The Government has appealed from that aspect of the magistrate judge's order.

The pages in question relate to the Government's response to attorney Thompson's "Supplemental Opposition" to the Goverment's motion to unseal. In his submission in opposition to the Government's motion, Thompson laid out some allegations implying that the charges against Nojay, or at least their timing, may have been politically motivated, coming as they did shortly before the 2016 primary election involving Nojay. (MJ #8 ¶¶ 14-16.) Thompson himself acknowledged that his allegations in that Supplemental Opposition, and in his prior opposition papers (MJ #6), "paint[ed the United States Attorney] in an unfavorable light ... ." *Id.* ¶ 13.

Given that background, I conclude that the Government's Reply should be unsealed, in its entirety. Against the backdrop of the relevant events here, it seems clear that the Government did not file this paper, or include these allegations, for reasons wholly tangential to the allegations against Nojay. They relate directly to the charges against Nojay, and were submitted in direct response to Thompson's assertions impugning the Government's motives. They should therefore be made a part of the public record, just as Thompson's will be.

It is not for the Court to determine the truth or falsity of any of the allegations made by either side. That is irrelevant to my decision. The Court's paramount concern is to maintain the openness of judicial proceedings, absent some compelling, justifiable reason for doing otherwise. I find no reason to do so.[8]

## CONCLUSION

The Decision and Order entered by Magistrate Judge Jonathan W. Feldman on November 17, 2016 (16-mj-600, Dkt. #14), is affirmed in part and reversed in part. Insofar as the order directs that a portion of the Government's Reply (Dkt. #9) remain sealed, the order is reversed, and that portion of the Government's Reply is directed to be unsealed. In all other respects, the Decision and Order is affirmed, and the entire record of Case No. 16-mj-600 and 16-mr-6101 is directed to be unsealed.

The motion to unseal the case filed by the *Democrat & Chronicle*, and the motion for miscellaneous relief filed by the United States of America in Case No. 16-mc-6008 (Dkt. #1, #3) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 19, 2016.

---

[8] The Court's decision here effectively grants the relief sought by the D&C in its motion, which renders it unnecessary for the Court to address that motion separately.